Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. G. CROSTHWAITE, et al., as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JWT GENERAL ENGINEERING, INC., a California Corporation, aka/dba PERFORMANCE COMPACTION aka PERFORMANCE COMPACTION RENTALS; and BART KENNON JONES, an Individual, <br><br> Defendants. | Case No.:  C09-5198 SI <br><br> **NOTICE AND ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiff OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendants JWT GENERAL ENGINEERING, INC., a California Corporation, aka/dba PERFORMANCE COMPACTION aka PERFORMANCE COMPACTION RENTALS; and BART KENNON JONES, an Individual; and/or alter egos and/or successor entities, ("Defendants"), as follows:

1.      Defendants entered into valid Collective Bargaining Agreements with the

1 Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreements"). These

2 Bargaining Agreement has continued in full force and effect to the present time.

3     2.     Bart Kennon Jones, Owner/President/Officer of Defendants JWT General

4 Engineering, Inc. and Performance Compaction aka Performance Compaction Rentals, hereby

5 acknowledges that he is authorized to receive service and has received the following documents in

6 this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of

7 California; Order Setting Initial Case Management Conference and ADR Deadlines; Notification

8 of Case Management Conference; Case Management Conference Order; Judge Illston's Standing

9 Order; Standing Order for All Judges of the Northern District of California; Instructions for

10 Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed

11 Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by

12 Parties and Counsel; ECF Registration Information Handout; Welcome to the U.S. District Court,

13 San Francisco; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16;

14 and Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United

15 States District Judge; and Reassignment Order.

16     3.     Defendants have become indebted to the Trust Funds as follows:

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

-2-
**ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-5198 SI**

| | | | | |
|---|---|---|---:|---:|
| 12/08-4/09 Liquidated Damages | | | | $26,684.52 |
| 1/09-4/09 Interest | | | | $3,204.98 |
| 1/09 Contribution Shortage (NCA Short Form Agreement) | | | | $2,598.20 |
| 5/09 | Contribution Balance | | $39,000.57 | |
| | Liquidated Damages | | $5,995.53 | |
| | 12% p/a Interest (6/25/09-11/1809) | | $440.14 | |
| | | | | $45,436.24 |
| 6/09 | Contribution Balance | | $29,064.35 | |
| | 12% p/a Interest (6/25/09-11/1809) | | $771.78 | |
| | | | | $29,836.13 |
| 7/09 | Contributions | | $61,188.34 | |
| | Liquidated Damages | | $7,969.05 | |
| | 12% p/a Interest (6/25/09-11/1809) | | $1,153.18 | |
| | | | | $70,310.57 |
| 8/09 | Contributions | | $41,702.79 | |
| | Liquidated Damages | | $5,241.65 | |
| | 12% p/a Interest (6/25/09-11/1809) | | $419.18 | |
| | | | | $47,363.62 |
| 9/09 | Contributions | | $48,014.40 | |
| | Liquidated Damages | | $6,369.17 | |
| | 12% p/a Interest (6/25/09-11/1809) | | $65.33 | |
| | | | | $54,448.90 |
| 10/09 | Contribution balance | | | $25,026.78 |
| Attorneys' Fees (6/24/09-11/17/09) | | | | $3,021.50 |
| Costs of Suit | | | | $350.00 |
| **TOTAL** | | | | **$308,281.41** |

4.      Defendant shall *conditionally* pay the amount of **$281.596.89,** representing all of the above amounts, less conditionally waived liquidated damages of $26,684.52. *This waiver is* expressly *conditioned upon the Trustees approval upon timely compliance with all of the terms of this Stipulation,* as follows:

(a)      On or before December 30, 2009, and no later than the 30th day of each month thereafter (with the exception of February, which will be the last calendar day of the month) for a period of fifteen (15) months, through and including February 28, 2011, Defendant shall pay to Plaintiffs:

- The amount of $10,000.00, for the first five months (December 30, 2009 through April 30, 2010); then,

1   • Thereafter, beginning with the payment due May 30, 2010, the monthly

2   payment amount shall increase to $25,000.00 per month for the next ten months (May 30, 2010

3   through the February 28, 2011 payment).

4   • Any other amounts due pursuant to the terms of this Judgment will be

5   paid in one lump sum payment together with the final payment on or before February 28, 2011.

6   (b)   Payments may be made by joint check, to be endorsed prior to submission.

7   Defendants shall have the right to increase the monthly payments at any time and there is no

8   penalty for prepayment.

9   (c)   Payments shall be applied first to unpaid interest and then to unpaid

10  principal.  The unpaid principal balance shall bear interest from November 19, 2009, at the rate of

11  twelve percent (12%) per annum in accordance with the Collective Bargaining Agreements and

12  Plaintiffs' Trust Agreements.

13  (d)   At the time that Defendants makes their 11th payment, Defendants may

14  submit a written request for waiver of liquidated damages directed to the Board of Trustees,

15  but sent to Saltzman and Johnson Law Corporation together with that payment.  Defendants will

16  be advised as to whether or not the waiver has been granted prior to the final payment hereunder.

17  Such waiver will not be considered until and unless all other amounts are paid in full and

18  Defendants' account is current.

19  (e)   Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise

20  Defendants, in writing, as to the final amount due, including interest and all additional attorneys'

21  fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts

22  owed to Plaintiffs under this Stipulation regardless of whether or not Defendants default herein.

23  Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the

24  November 30, 2010 stipulated payment.

25  (f)   Checks shall be made payable to the *Operating Engineers Trust Funds*, and

26  delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street,

27  Suite 2110, San Francisco, California 94104, or to such other address as may be specified by

28  Plaintiffs.

-4-

**ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-5198 SI**

5.     Defendants expressly agree that in the event that Defendants request a modification of the monthly payments due under the terms of this Stipulation at any time, Defendants shall immediately submit to a financial hardship audit performed by auditors of Plaintiffs choice, and Defendants agree to pay all accountant and attorneys' fees and costs associated with that audit.

6.     In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, this shall be considered to be a default on the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to Defendants to cure said default.  If caused by a failed check, default will only be cured by the issuance of a replacement **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs.  If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check.*  In the event default is not cured, all amounts remaining due hereunder, without any waiver of liquidated damages, shall be due and payable on demand by Plaintiffs.

7.     Beginning with contributions due for hours worked by Defendants' employees during the month of November 2009, due on December 15, 2009 and delinquent if not **received** by the Trust Funds by December 25, 2009, and for every month thereafter until this Judgment is satisfied, Defendants **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.  **Defendants shall fax a copy of its contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment to the Trust Fund office.**  To the extent that Defendants is working on a Public Works job, or any other job for which **Certified Payroll Reports** are required, copies of said Reports will be faxed to Michele R. Stafford concurrently with their submission to the general contractor, owner or other reporting agency.

8.     Failure by Defendants to remain current in monthly contributions shall constitute a default of the obligations under this agreement and the provisions of ¶ 11 shall apply.  Any such unpaid or late paid contributions, together with 15% liquidated damages and 12% per annum interest accrued on the combined total of contributions and liquidated damages, shall be added to

-5-

**ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION**

**Case No.: C09-5198 SI**

and become a part of this Judgment and subject to the terms herein.  No waiver of liquidated damages incurred on unpaid or late paid monthly contributions herein shall apply.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

9.      Defendants shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, name and address of job, general contractor, certified payroll if a public works job, and time period worked or to be worked.  **Defendants shall fax said updated list each month together with the contribution report (as required by ¶ 7 of this Stipulation) to Michele R. Stafford at 415-882-9287.**  Failure to provide this information within seven (7) days of Plaintiffs' request shall constitute a default under the terms of this agreement.

10.      Bart Kennon Jones acknowledges that he is the Owner/President of Performance Compaction aka Performance Compaction Rentals, and an Officer of JWT General Engineering, Inc.; and Christine Margaret Jones acknowledges that she is the RMO of JWT General Engineering, Inc. (collectively "Guarantors"), and that they are personally guaranteeing all amounts to be paid in connection with this Stipulation**,** and acknowledge that all successors in interest to JWT General Engineering, Inc. and Performance Compaction aka Performance Compaction Rentals, as well as any assigns, affiliated entities and purchasers, shall be contractually bound by the terms of this Stipulation.  This shall include any additional entities in which Bart Kennon Jones and/or Christine Margaret Jones are officers, owners or possess any ownership interest.  All such entities shall specifically consent to the terms herein and to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase.

11.      In the event that Defendants or Guarantors fail to make any payment required under ¶ 4 above, or fails to remain current in any contributions under ¶ 7 above, then:

(a)     The entire amount of **$308,281.41**, plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 15% liquidated damages and 12% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs as referenced herein.

(b)     A Writ of Execution may be obtained against Defendants/Guarantors without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants/Guarantors and the balance due and owing as of the date of default.  Defendants/Guarantors specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of Execution herein.

(c)     Defendants/Guarantors waive any notice of Plaintiffs' Request for Entry of Judgment or hearing thereon, and of Plaintiffs' Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendants/Guarantors.

(d)     Defendants/Guarantors shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendants/Guarantors to Plaintiffs under this Stipulation, regardless of whether a default occurs herein.

12.     Any failure on the part of the Plaintiffs to take any action against Defendants/Guarantors as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendants/Guarantors of any provisions herein.

13.     In the event of the filing of a bankruptcy petition by the Defendants/Guarantors, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

1    and shall not be claimed by Defendants/Guarantors as a preference under 11 U.S.C. Section 547 or

2    otherwise. Defendants/Guarantors nevertheless represents that no bankruptcy filing is anticipated.

3           14.    Should any provision of this Stipulation be declared or determined by any court of

4    competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

5    enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

6    illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

7    Stipulation.

8           15.    This Stipulation is limited to the agreement between the parties with respect to the

9    delinquent contributions and related sums enumerated herein, owed by Defendants/Guarantors to

10   the Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.

11   Defendants/Guarantors acknowledge that the Plaintiffs expressly reserve their right to pursue

12   withdrawal liability claims, if any, against Defendants/Guarantors as provided by the Plaintiffs'

13   Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and

14   the law.

15          16.    This Stipulation contains all of the terms agreed by the parties and no other

16   agreements have been made.  Any changes to this Stipulation shall be effective only if made in

17   writing and signed by all parties hereto.

18          17.    This Stipulation may be executed in any number of counterparts and by facsimile,

19   each of which shall be deemed an original and all of which shall constitute the same instrument.

20          18.    The parties agree that the Court shall retain jurisdiction of this matter until this

21   Judgment is satisfied.

22          19.    Defendants and Guarantors each represent and warrant that they have had the

23   opportunity to be or have been represented by counsel of their own choosing in connection with

24   entering this Stipulation under the terms and conditions set forth herein, that they have read this

25   ///

26   ///

27   ///

28   ///

P:\CLIENTS\OE3CL\JWT Engineering\Pleadings\Revised - Acknowledgment and Judgment Pursuant to Stipulation 121709.DOC

1   Agreement with case and are fully aware of and represent that they enter into this Stipulation

2   voluntarily and without duress.

3       Dated: December 29, 2009                    **JWT GENERAL ENGINEERING, INC.**

4

                                        By:   /S/Christine Margaret Jones
5                                             Christine Margaret Jones, RMO

6

7       Dated: December 29, 2009                    **PERFORMANCE COMPACTION aka**
                                                    **PERFORMANCE COMPACTION RENTALS**

8

                                        By:   /S/Bart Kennon Jones
9                                             Bart Kennon Jones, Owner/President

10

11      Dated: December 29, 2009                    **BART KENNON JONES**

12                                            /S/Bart Kennon Jones
                                              Individually, as Personal Guarantor
13

14      Dated: December ___, 2009                   **CHRISTINE MARGARET JONES**

15

16                                            /S/Christine Margaret Jones
                                              Individually, as Personal Guarantor

17
        Dated: January 11, 2010                     **OPERATING ENGINEERS TRUST FUNDS**
18

19                                      By.:  /S/Wayne McBride
                                              Wayne McBride, Collections Manager
20

21      Dated: January 11, 2010                     **SALTZMAN AND JOHNSON LAW**
                                                    **CORPORATION**
22

23                                      By:   /Michele R. Stafford
                                              Michele R. Stafford
24                                            Attorneys for Plaintiffs

25      IT IS SO ORDERED

26                     1/12/10
        Dated: _____, 20___

27                                            _____
                                              UNITED STATES DISTRICT COURT JUDGE
28

                                                                                    **-9-**
                                        **ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION**
                                                                         **Case No.: C09-5198 SI**