1  Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
(415) 882-7900
4  (415) 882-9287–Facsimile
mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8

9                         UNITED STATES DISTRICT COURT

10                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| F. G. CROSTHWAITE, et al., as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JWT GENERAL ENGINEERING, INC., a California Corporation, aka/dba PERFORMANCE COMPACTION aka PERFORMANCE COMPACTION RENTALS; and BART KENNON JONES, an Individual,<br><br>Defendants. | Case No.:  C09-5198 SI<br><br>**FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION** |

        IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiff OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendants JWT GENERAL ENGINEERING, INC., a California Corporation, aka/dba PERFORMANCE COMPACTION aka PERFORMANCE COMPACTION RENTALS; and BART KENNON JONES, an Individual; and/or alter egos and/or successor entities, ("Defendants"), as follows:

        1.      Defendants entered into valid Collective Bargaining Agreements with the Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreements").     This

P:\CLIENTS\OE3CL\JWT Engineering\Pleadings\First Amended Judgment Pursuant to Stipulation 072110.DOC

1   Bargaining Agreement has continued in full force and effect to the present time.

2       2.      A Judgment Pursuant to Stipulation ("Stipulation") was entered by the Court on

3   January 12, 2010, in the amount of $308,281.41 plus 12% per annum interest.

4       3.      Defendants are currently indebted to the Trust Funds as follows:

| | | |
|---|---|---|
| Judgment Pursuant to Stipulation (conditional amount) | $281,596.89 | |
| Credits (principal paid) | <$181,366.28> | |
| Balance Due on Stipulation (conditional amount ) as of 6/14/10 | | $100,230.61 |
| Interest on Stipulation (conditional amount) (6/15/10-7/19/10) | | $1,087.43 |
| Conditionally waived Liquidated Damages (12/08-4/09) | | $26,684.52 |
| **TOTAL – Stipulation (as of 6/14/10)** | | **$128,002.56** |
| | | |
| Contribution balances due on account * | $79,436.22 | |
| Liquidated Damages (11/09-4/10) | $13,148.14 | |
| Interest (10/09-4/10) | $5,362.15 | |
| **TOTAL – Additional Amounts Due on Account** | | **$97,946.51** |
| | | |
| Additional Attorneys Fees (11/18/09-7/18/10) | $6,455.30 | |
| Additional Costs (through 2/4/10) | $855.27 | |
| | | **$7,310.57** |
| **TOTAL - FIRST AMENDED STIPULATION** | | **$233,259.64** |

*Pursuant to Trust Fund's allocation procedures, appears on spreadsheet as due for 11/09 and 12/09*

1.      Defendant shall *conditionally* pay the amount of **$193,426.98**, representing all of the above amounts, less conditionally waived liquidated damages of $39,832.66.  *This waiver is* expressly *conditioned upon the Trustees' approval upon timely compliance with all of the terms of this First Amended Stipulation.*   The amount of $193,426.98 shall be paid pursuant to the following revised payment plan:

(a)      On or before July 30, 2010, and no later than the 30th day of each month thereafter (with the exception of February, which will be the last calendar day of the month) for a period of twenty-two (22) months, through and including April 30, 2012, Defendant shall pay to Plaintiffs the amount of $10,000.00 per month.

P:\CLIENTS\OE3CL\JWT Engineering\Pleadings\First Amended Judgment Pursuant to Stipulation 072110.DOC

1  Any other amounts due pursuant to the terms of this Judgment will be paid in one lump
2  sum payment together with the final payment on or before April 30, 2012.

3  (b)  Payments may be made by joint check, to be endorsed prior to submission.
4  Defendants shall have the right to increase the monthly payments at any time and there is no
5  penalty for prepayment.

6  (c)  Payments shall be applied first to unpaid interest and then to unpaid
7  principal.  The unpaid principal balance shall bear interest from July 20, 2010, at the rate of twelve
8  percent (12%) per annum in accordance with the Collective Bargaining Agreements and Plaintiffs'
9  Trust Agreements, and the terms of the Notice and Acknowledgment and Judgment Pursuant to
10  Stipulation signed by the Judge on January 12, 2010.

11  (d)  At the time that Defendants makes their 24th payment under this First
12  Amended Judgment Pursuant to Stipulation, Defendants may submit a written request  for  waiver
13  of  liquidated  damages directed to the Board of Trustees,  but sent to Saltzman and Johnson Law
14  Corporation together with that payment.  Such waiver will not be considered until and unless all
15  other amounts are paid in full and Defendants' account is current.  In the event the waiver is
16  granted, or only granted in part, all remaining liquidated damages shall be paid in one lump sum
17  on Plaintiffs' request.

18  (e)  Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise
19  Defendants, in writing, as to the final amount due, including interest and all additional attorneys'
20  fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts
21  owed to Plaintiffs under this Stipulation regardless of whether or not Defendants default herein.
22  Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the
23  June 30, 2012 stipulated payment.

24  (f)  Checks shall be made payable to the *Operating Engineers Trust Funds*, and
25  delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street,
26  Suite 2110, San Francisco, California 94104, or to such other address as may be specified by
27  Plaintiffs.
28  ///

-3-
**FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-5198 SI**

5.     Defendants expressly agree that in the event that Defendants request a modification of the monthly payments due under the terms of this Stipulation at any time, Defendants shall immediately submit to a financial hardship audit performed by auditors of Plaintiffs choice, and Defendants agree to pay all accountant and attorneys' fees and costs associated with that audit.

6.     In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, this shall be considered to be a default on the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to Defendants to cure said default.  If caused by a failed check, default will only be cured by the issuance of a replacement **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs.  If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check.*  In the event default is not cured, all amounts remaining due hereunder, without any waiver of liquidated damages, shall be due and payable on demand by Plaintiffs.

7.     Beginning with contributions due for hours worked by Defendants' employees during the month of June 2010, due on July 15, 2010 and delinquent if not **received** by the Trust Funds by July 25, 2010, and for every month thereafter until this Judgment is satisfied, Defendants **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.  **Defendants shall fax a copy of its contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment to the Trust Fund office.**  To the extent that Defendants is working on a Public Works job, or any other job for which **Certified Payroll Reports** are required, copies of said Reports will be faxed to Michele R. Stafford concurrently with their submission to the general contractor, owner or other reporting agency.

8.     Failure by Defendants to remain current in monthly contributions shall constitute a default of the obligations under this agreement and the provisions of ¶ 11 shall apply.  Any such unpaid or late paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on the combined total of contributions and liquidated damages, shall be added to

**FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-5198 SI**

1  and become a part of this Judgment and subject to the terms herein.  No waiver of liquidated

2  damages incurred on unpaid or late paid monthly contributions herein shall apply.  Plaintiffs

3  reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust

4  of the Trust Funds for collection of current and future contributions, and for any additional past

5  contributions not included herein as may be determined by Plaintiffs, pursuant to employee

6  timecards or paystubs, by audit, or other means, and the provisions of this agreement are in

7  addition thereto.  Defendants specifically waive the defense of the doctrine *res judicata* as to any

8  such additional amounts determined as due.

9      9.    Defendants shall make full disclosure of all jobs on which it is working by

10  providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, name

11  and address of job, general contractor, certified payroll if a public works job, and time period

12  worked or to be worked.  **Defendants shall fax said updated list each month together with the**

13  **contribution report (as required by ¶ 7 of this Stipulation) to Michele R. Stafford at 415-882-**

14  **9287.** Failure to provide this information within seven (7) days of Plaintiffs' request shall constitute

15  a default under the terms of this agreement.

16      10.   Bart Kennon Jones acknowledges that he is the Owner/President of Performance

17  Compaction aka Performance Compaction Rentals, and an Officer of JWT General Engineering,

18  Inc.; and that he is personally guaranteeing all amounts to be paid in connection with this

19  Stipulation. He further acknowledges that he is authorized to execute this Stipulation on behalf of

20  JWT General Engineering, Inc. and has full authority to bind the company. He agrees that all

21  successors in interest to JWT General Engineering, Inc. and Performance Compaction aka

22  Performance Compaction Rentals, as well as any assigns, affiliated entities and purchasers, shall

23  be contractually bound by the terms of this Stipulation.  This shall include any additional entities

24  in which Bart Kennon Jones is an officer, owner or possesses any ownership interest.  All such

25  entities shall specifically consent to the terms herein and to the Court's jurisdiction, in writing at

26  the time of any assignment, affiliation or purchase.

27      11.   In the event that Defendants or Guarantor fail to make any payment required under

28  ¶ 4 above, or fails to remain current in any contributions under ¶ 7 above, then:

-5-
**FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-5198 SI**

(a)     The entire amount of **$233,259.64**, plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 15% liquidated damages and 12% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs as referenced herein.

(b)     A Writ of Execution may be obtained against Defendants/Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants/Guarantor and the balance due and owing as of the date of default.  Defendants/Guarantor specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of Execution herein.

(c)     Defendants/Guarantor waive any notice of Plaintiffs' Request for Entry of Judgment or hearing thereon, and of Plaintiffs' Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendants/Guarantor.

(d)     Defendants/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendants/Guarantor to Plaintiffs under this Stipulation, regardless of whether a default occurs herein.

12.     Any failure on the part of the Plaintiffs to take any action against Defendants/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendants/Guarantor of any provisions herein.

13.     In the event of the filing of a bankruptcy petition by the Defendants/Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

P:\CLIENTS\OE3CL\JWT Engineering\Pleadings\First Amended Judgment Pursuant to Stipulation 072110.DOC

1    and shall not be claimed by Defendants/Guarantor as a preference under 11 U.S.C. Section 547 or

2    otherwise. Defendants/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

3         14.     Should any provision of this Stipulation be declared or determined by any court of

4    competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

5    enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

6    illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

7    Stipulation.

8         15.     This Stipulation is limited to the agreement between the parties with respect to the

9    delinquent contributions and related sums enumerated herein, owed by Defendants/Guarantor to

10   the Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.

11   Defendants/Guarantor acknowledge that the Plaintiffs expressly reserve their right to pursue

12   withdrawal liability claims, if any, against Defendants/Guarantor as provided by the Plaintiffs' Plan

13   Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the

14   law.

15        16.     This Stipulation contains all of the terms agreed by the parties and no other

16   agreements have been made.  Any changes to this Stipulation shall be effective only if made in

17   writing and signed by all parties hereto.

18        17.     This Stipulation may be executed in any number of counterparts and by facsimile,

19   each of which shall be deemed an original and all of which shall constitute the same instrument.

20        18.     The parties agree that the Court shall retain jurisdiction of this matter until this

21   Judgment is satisfied.

22        //

23        //

24        //

25        //

26        //

27        //

28        //

19.   Defendants and Guarantor each represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Agreement with case and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

Dated: August 9, 2010                     **JWT GENERAL ENGINEERING, INC.**

                           By:    /S/Bart Jones
                                  Bart Jones, Officer

Dated: August 9, 2010                     **PERFORMANCE COMPACTION aka
                                          PERFORMANCE COMPACTION RENTALS**

                           By:    /S/Bart Kennon Jones
                                  Bart Kennon Jones, Owner/President

Dated: August 9, 2010                     **BART KENNON JONES**

                                  /S/Bart Kennon Jones
                                  Individually, as Personal Guarantor

Dated: August 9, 2010                     **OPERATING ENGINEERS TRUST FUNDS**

                           By.:   /S/David Hayner
                                  David Hayner, Collections Manager

Dated: August 9, 2010                     **SALTZMAN AND JOHNSON LAW
                                          CORPORATION**

                           By:    /S/Michele R. Stafford
                                  Michele R. Stafford
                                  Attorneys for Plaintiffs

IT IS SO ORDERED

Dated: _____, 2010

                                  _____
                                  UNITED STATES DISTRICT COURT JUDGE